J. S. HOSKINS *v.* A. H. BRANTLEY, DISTRICT ATTORNEY, EX REL. J. J. BAKER.

1. OFFICE. *Eligibility. Defalcation.*

    The State Constitution, art. 4, § 16, which disqualifies for office persons liable for public money unaccounted for, applies to private citizens as well as to public officers.

2. SAME. *Sheriff. New election.*

    If, at an election for sheriff, the candidate who receives the greatest number of votes, is ineligible, the incumbent should hold until the board of supervisors orders an election and his successor is qualified.

APPEAL from the decision of Hon. WILLIAM COTHRAN, Judge of the Fifth District of Mississippi, on a proceeding by *quo warranto*, at the relation of J. J. Baker, awarding the office of sheriff of Holmes County to the relator.

*H. S. Allen, G. A. Wilson* and *Hooker & Groce* for the appellant.

1. The *quo warranto* statute of Jan. 1, 1874 (Acts 1873-4, p. 22) which confers upon the circuit judge, in vacation, the power to try all questions of fact, is in violation of the State Constitution, art. 1, § 12, and art. 6, § 14. High on Ext. Legal Remedies, §§ 741, 747. In the event of a reversal, to what tribunal is the case remanded? The proceeding would die an unnatural death in the Supreme Court, for the powers of the circuit judge in vacation cease with his final decision.

2. Under the State Constitution, art. 4, § 16, Baker was disqualified. The case of *Brady* v. *Howe*, 50 Miss. 607, determines that liability for public money renders a person ineligible for public office. The provisions apply not only to public officers, but to all persons who have public moneys unaccounted for. There is but one way in which he can relieve himself of this disqualification; to wit, by accounting for, and paying over, the sums for which he is liable. The legislature had not the power to compromise this liability so as to relieve from the constitutional penalty. But, if it had, the compromise in this case did not cover the entire liability. Under the provisions of the State Constitution, the present

incumbent must hold the office until his successor is elected and qualified. Such are the results of the various constitutional provisions when construed in the light of the principles announced in the following authorities: Sedg. Stat. & Const. Law, 179, 193, 194, 196, 293, 309, 316; *Hogan* v. *Devlin*, 2 Daly, 184; *Paulina* v. *United States*, 7 Cranch, 52; High on Ext. Legal Remedies, §§ 643, 710; Dwarris on Statutes, 143, 145, 146; *Pradat* v. *Ramsey*, 47 Miss. 24; *Peck* v. *Weddell*, 17 Ohio St. 271; *Brady* v. *Howe*, 50 Miss. 607; Acts 1876, p. 8, § 2; *Commonwealth* v. *Garrigues*, 28 Penn. St. 9; *Commonwealth* v. *Baxter*, 35 Penn. St. 263; *Commonwealth* v. *Leech*, 44 Penn. St. 332; *O'Docherty* v. *Archer*, 9 Texas, 295; *Grier* v. *Shackleford*, 3 Brev. (S. C.) 491; *State* v. *Deliesseline*, 1 McCord, 52; *State* v. *Cockrell*, 2 Rich. 6; *State* v. *Tomlinson*, 20 Kansas, 692; *State* v. *Stewart*, 26 Ohio St. 216; *Garrard* v. *Gallagher*, 11 Nev. 382; *Baxter* v. *Brooks*, 29 Ark. 173.

*H. S. Hooker* and *H. S. Allen*, on the same side, argued orally.

*J. E. Gwin*, for the appellee, argued orally and in writing.

1. The liability which disqualifies under the Constitution must be one directly to the State from an officer. *Brady* v. *Howe*, 50 Miss. 607. Baker's liability was to his principal, and not to the State. The entire liability has been compromised, and the sum agreed upon has been paid, and a receipt in full given. The constitutionality of the statutes under which the settlement was made is unquestioned.

2. The statute under which this proceeding was instituted is not unconstitutional. It has been held that, where the Constitution gives the Supreme Court the right to try a writ of this character, a trial by jury cannot be demanded. *State* v. *Johnson*, 26 Ark. 281. In proceedings by *habeas corpus* and forcible entry and unlawful detainer, jury trials are unknown, and motions against sheriffs are tried by the court. *Lewis* v. *Garrett*, 5 How. 434; *Peck* v. *Critchlow*, 7 How. 243. An office is not property, and an officer does not hold by contract. *Hyde* v. *State*, 52 Miss. 665. It is a public trust in which all the people are more interested than the trustee. It would be almost impracticable to obtain an unbiased and impartial jury. *Ewing* v. *Filley*, 43 Penn. St. 384. The diffi-

culty, as to remanding the case, is met by the practice in pro-
ceedings of a similar character.

CHALMERS, J., delivered the opinion of the court.

J. J. Baker, claiming to have been elected to the office of
sheriff of Holmes County at the late general election, brings
this writ of *quo warranto* against J. S. Hoskins, who, as former
sheriff of the county, is holding over under the Constitution
of the State until his legally elected successor shall have quali-
fied.  One of the pleas filed by Hoskins to the information in
*quo warranto* alleged that Baker was " liable for public mon-
eys unaccounted for," and was, therefore, under the provisions
of § 16 of art. 4 of the Constitution, disqualified from hold-
ing any office of profit or trust in this State.  It appears from
the agreed state of facts that, some years ago, Baker acted as
deputy of one Loverin, at that time sheriff of the county, under
a contract with the latter, by which he divested himself of the
functions of the office and devolved the same upon Baker, stipu-
lating that the latter should discharge all its duties and receive
all its emoluments unmolested by him.  While thus acting,
Baker collected many thousands of dollars of State and county
taxes which he failed to pay over, and for which suits were
brought against Loverin and his sureties, of whom Baker was
one.  Under the authority of a special act of the legislature,
these suits were compromised, and the amounts agreed by the
proper officers to be received in full satisfaction were paid over
by the sureties.  The act authorizing a compromise of the
sum due the State extended only to the amount then in suit ;
and the receipt executed by the district attorney, though
broader in its terms, must be limited to that amount.  Acts
1877, p. 89.  It is now shown, by the agreed statement of facts,
that Baker then owed, and still owes, the further sum of two
thousand dollars for moneys collected upon liquor licenses and
privilege taxes, which was unknown at the time of the com-
promise, and of course was not embraced in the suit.  Does
this fact render him ineligible to office ?

The section of the Constitution, cited above, is in these
words : " No person liable for public moneys unaccounted for,
shall be eligible to a seat in either house of the legislature, or

to any office of profit or trust, until he shall have accounted
for, and paid over all sums for which he may have been lia-
ble." The obvious purpose of this provision is to secure pay-
ment of all public moneys wrongfully in the hands of any
person, and to effect this purpose by rendering such person
ineligible to any office until such moneys shall have been paid
over. It is not confined in its terms to public officers, though
doubtless intended, primarily, to apply to them. The expres-
sion is, " No person liable for public moneys unaccounted for,"
and it embraces, therefore, both in letter and spirit, all who
have in any manner become the recipients and holders of any
portions of the public revenue, since it is as wrongful in a pri-
vate person to retain public moneys which may have inciden-
tally come into his hands, as it would be in a public officer;
and it is as important to the State to recover such money in
the one case as in the other. Indeed, in one point of view,
there would seem to be a greater necessity for applying the
provision to private persons than to public officers, since the
interests of the public are protected by the bonds of the one,
while the others have given no such security.

We make this remark because, while we think that the
relator falls within the constitutional provision, we place his
ineligibility not upon the ground that he was a deputy of the
sheriff or a surety upon his official bond, but because it is
admitted that he himself collected and still retains a portion of
the public moneys. As deputy, he would be in no manner
responsible for the acts of his principal, with which he had no
connection. As surety on the sheriff's official bond he is an-
swerable, not for public moneys held by himself, but for his
principal's default. There must be some element of personal
default, some right in the State to demand of him the payment
of its revenue, which he has wrongfully appropriated to his own
use. Wherever this is the case, the ineligibility will attach,
regardless of the manner in which, or the person by whom,
the money is retained. Can there be any doubt that the rela-
tor is liable to the State for this money ? It is admitted that
he got it, and that he has not paid it. The fact that the
State may ignore the private contract between himself and
Loverin, and hold the latter and his sureties liable, does not

acquit the relator of the liability resting upon him, by virtue of the fact that he actually has the ‚money. It is simply a case of the liability of two persons, in which a judgment may be had against both to be satisfied and discharged by a payment by either. If the money had been stolen, the sheriff and his sureties would have been liable, and so also would the thief; but the latter, if thereafter elected to office, could not, while confessing that he held the public revenue, claim to be eligible to office because other persons were equally liable with himself for its payment. Our opinion is that the relator is ineligible to any office of profit or trust so long as he remains liable for public moneys. The judgment of the lower court is therefore reversed, and the information dismissed.

It being conceded that the relator obtained a majority of the legal votes returned and counted at the election, and he being disqualified to claim the office to which he was elected, the appellant, Hoskins, remains in office under his election and qualification in 1877, until his successor is elected and qualified, and to the end that the people may elect such successor, it is the duty of the board of supervisors at once to order an election for sheriff of the county. *Sublett* v. *Bedwell*, 47 Miss. 266.

*Judgment reversed and information dismissed.*