BERRY v. BERRY.

(Division A. Nov. 28, 1932. Suggestion of Error Overruled Jan. 9, 1933.)

[144 So. 695. ·No. 30264.]

W. M. Lofton, of Mendenhall, for appellant.

**Ovie L. Berry,** of Newhebron, for appellee.

Argued orally by **W. M. Lofton,** for appellant, and by **Ovie L. Berry,** for appellee.

**Cook, J.,** delivered the opinion of the court.

One J. L. Phillips was a regularly elected, qualified, and acting justice of the peace of Simpson county, for the four-year term ending on the first Monday of January, 1932. At the regular election in November, 1931, he was not a candidate to succeed himself, and one M. E. Daniels, who was a candidate at that election, received the highest number of votes, and was declared to be elected. Although qualified by law to hold the office, the said M. E. Daniels failed and refused to qualify, and the said J. L. Phillips continued to discharge the duties of the office after the first Monday of January, 1932.

On the second day of January, 1932, the appellee filed this suit in the justice court of the said J. L. Phillips to enforce a vendor's lien on certain personal property, and the cause was heard by the said J. L. Phillips on February 2, 1932. The appellant failed to appear at the trial in the justice court, but prosecuted an appeal from the default judgment entered therein. In the circuit court, he filed a motion to dismiss the cause on the ground that the purported judgment of the justice court was void, for the reason that it was not rendered by a regularly and legally constituted justice court; it being the contention of the appellant that the said J. L. Phillips was without lawful authority to hold over or discharge any of the duties of the office after the first Monday of January, 1932. This motion was overruled, and upon the trial of

the cause a final judgment was entered in favor of the appellee.

On appeal to this court, the only assignment of error presented is that the court below erred in overruling the motion to dismiss, and in entering a judgment for the appellee; and the disposition of the points presented call for a construction and the application of section 2881, Code 1930, fixing the term of office of all officers, and section 2884, Code 1930, prescribing when a vacancy in office shall occur, and the effect of the failure of an officer elect to qualify.

Section 2881, Code 1930, provides that: "The term of office of all officers, not otherwise provided for by law, shall be four years and until their successors shall be duly qualified," while section 2884, Code 1930, reads as follows: "If any person elected or appointed to any state, state district, levee board, county, county district or municipal office, shall fail to qualify as required by law on or before the day of the commencement of his term of office, or for any cause any such officer shall hold over after his regular term of office expires under the authority given him to hold over until his successor is appointed or elected and qualified, a vacancy in such office shall occur thereby, and it shall be filled in the manner prescribed by law, as provided by section 103 of the Constitution for filling vacancies in such offices, unless the failure to qualify arises from there being no officer to approve the bond of such officer-elect, and except the governor-elect, when the legislature fixes by resolution the time of his installation."

Section 3456, Code of 1906, fixing the term of office of officers is the same as section 2881, Code 1930, while section 3459 of that Code, which has been amended and brought forward as section 2884, Code 1930, provided that, "If any person elected to any office shall fail to qualify as required by law, on or before the day of the commencement of his term of office, a vacancy in such

office shall occur thereby, and it shall be filled in the manner prescribed by law for filling vacancies in such offices, unless," etc. Section 3435, Code 1906, provided that municipal officers should hold their offices for two years, and until their successors were duly elected and qualified. Applying these sections of the Code of 1906, the court, in the case of State ex rel. Doolittle v. Hays, 91 Miss. 755, 45 So. 728, held that "where a disqualified person is elected to a municipal office the previous encumbent will hold over until the next general election, under Code 1906, section 3435, fixing the terms of municipal officers at 'two years and until their successors are duly elected and qualified,' and there is no vacancy to be filled under Code 1906, section 3436, providing for filling vacancies in municipal offices;" the court saying that, since a disqualified person had been elected to the office, "there was no officer-elect who could qualify, and by virtue of the terms of the statute itself, this being the case, Doolittle (the incumbent) held over until the next general election. Being lawfully the incumbent of the office under the statute, there was no vacancy to be filled, and the act of the mayor and board of aldermen in ordering an election to fill the supposed vacancy was without authority under the law and a nullity."

After the decision in that case holding that an incumbent of an office was entitled, under these statutes, to hold over until his successor was elected and qualified, and that where no successor qualified at the expiration of the regular term and the incumbent held over there was no vacancy to be filled, section 3459, Code 1906, was amended by the addition of the provision that if "for any cause any such officers shall hold over after his regular term of office expires under the authority given him to hold over until his successor is appointed or elected and qualified" (Laws 1908, c. 190), there shall likewise be a vacancy in such office which may be filled in the manner prescribed by law, as provided by section

103 of the Constitution for filling vacancies in such offices. In a strict and literal sense there is no vacancy in an office so long as there is a lawful incumbent thereof, but the above-mentioned addition to the statute prescribing when a vacancy in office shall occur expressly recognizes the statutory right of an incumbent of an office to hold over until his successor has qualified by executing the proper bond and taking the oath of office, and expressly declares that, in case the incumbent holds over under the statutory authority so to do, there shall still be a vacancy in such office for the purpose of appointment or election and qualification of a successor. Where the statute so provides, incumbency of an office by one holding over under statutory authority does not preclude the existence of a vacancy as a basis for the exercise of the power to select a successor in the manner provided by law. Kline v. McKelvey, 57 W. Va. 29, 49 S. E. 896. Upon a failure of a successor to qualify on or before the expiration of the regular time of said justice of the peace, the incumbent, J. L. Phillips, was authorized to hold over until a successor had been duly selected and qualified according to law. The court below so held, and its judgment will therefore be affirmed.

Affirmed.