142          STATE ex rel. HAIRSTON v. BAGGETT.   [Sup. Ct.

Syllabus.                                    [145 Miss.

STATE ex rel. HAIRSTON, DIST. ATTY., v. BAGGETT.*

(In Banc. Nov. 15, 1926.)

[110 So. 240.   No. 26104.]

1. LEVEES AND FLOOD CONTROL.
   Conduct of chancery clerk and president of board of supervisors, in
   absenting themselves to prevent appointee, as levee district com-
   missioner, presenting bond for approval, *held* equivalent of there
   being no officer to approve bond and within exception, in Laws
   1924, chapter 230.

2. CONSTITUTIONAL LAW.
   Supreme court must give words, in constitutional provision, mean-
   ing and application in accordance with employment by framers
   of the Constitution, in the light of long-settled legislative mean-
   ing and applicaton.

3. LEVEES AND FLOOD CONTROL.
   Failure of person appointed as commissioner of levee district to
   qualify creates vacancy authorizing appointment, under Constitu-
   tion, 1890, section 103, notwithstanding section 231, authorizing
   present commissioner to hold over until successors qualify.

4. LEVEES AND FLOOD CONTROL. *Commissioner of levee district held not
   authorized to continue in office because of failure of appointee to
   qualify, when prevented from filing bond for approval (Laws
   1924, chapter 230; Laws 1894, chapter 63, section 1).*
   Under Laws 1924, chapter 230, failure of person appointed as com-
   missioner of levee district to file bond required by Laws 1894,
   chapter 63, section 1, because of being prevented from presenting
   bond for approval, did not authorize present commissioner to
   continue to discharge duties of office.

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, p. 706, n.
10; Levees and Flood Control, 36CJ, p. 1012, n. 32, 38, 40.

APPEAL from circuit court of Washington county.
HON. S. F. DAVIS, Judge.

*Quo warranto* by the state, on the relation of J. M.
Hairston, district attorney, against G. M. Baggett. Judg-

ment for defendant, and plaintiff appeals. Reversed and judgment rendered.

*Walton Shields, Sillers & Pearson, Ernest Kellner, Jr.,* and *Cutrer & Smith,* for appellant.

For a history of levee board legislation, see original act incorporating the levee board approved November 27, 1865; act approved January 27, 1877, including Sharkey county in levee district; act approved March 13, 1884. The constitutional provision as to levees in the Constitution of 1890 is found in sections 227-239, inclusive. The first act passed under the Constitution of 1890 with reference to this levee board is chapter 63, Acts of 1892. The act of 1892 was amended by an act approved March 19, 1896, but section 1 is practically the same. For statutory provision covering failure of officer to qualify, see section 3459, Code of 1906. A similar provision is found in Code of 1892, section 3052; Code of 1880, section 400. Similar provisions are found in the Codes of 1871 and 1875.

The Constitution of 1869 provides that the sheriff should hold his office for two years, and by the following section—section 22—it was provided that all officers named in this article should hold their offices during the term for which they were elected, unless removed by impeachment or otherwise, and until their successors shall be duly qualified to enter on the discharge of their duties.

The legislature has uniformly provided, except as hereafter stated, that the sheriff is required to give two bonds—one as sheriff, the other as tax collector. The Code of 1871 omitted the provision requiring sheriffs to execute a bond as tax collector and omitted the provision of the Code of 1857, as follows: ". . . In case of failure to qualify as tax collector within the time for taking the oath and giving bond as sheriff he shall thereby vacate the office of sheriff, and the vacancy shall be filled according to law."

However, the Code of 1871 did provide, "If any person elected to the office of sheriff, etc., shall fail to give bond on or before the day of the commencement of his term, the election shall be void and another election ordered."

The terms of this last section have reference to the bond required as sheriff. There was no provision, as stated, in the Code of 1871 that the office of sheriff shall be vacated by failure to give a tax collector's bond and our supreme court said in *French* v. *State,* 52 Miss. 767, "Such a law (that the office of sheriff shall be vacated by failure to give a tax collector's bond) is eminently wise and proper and must have been omitted in the present revision (Code of 1871) by accident or inadvertence."

In 1908, chapter 190, Laws 1908 section 3459, Code of 1906, above referred to, was amended. See section 2797, Hemingway's Code.

This section was further amended by chapter 32, Laws of 1917, by extending its provisions to "any person elected to any state, state district, county, county district or municipal office," and there was a further change in its provisions which will be seen in chapter 230, Laws of 1924, amending chapter 32, Laws of 1917.

Our supreme court in French's case referred to above, 52 Miss. 759, decided that as the Code of 1871 did not declare that the office of sheriff was vacated by reason of the failure to give the tax collector's bond that, therefore, his failure to give such bond did not produce such a vacancy. During all the years that provisions of this character have been in our law, no one, so far as we have been able to find, has ever suggested to any court that they violate such a constitutional provision as above referred to, and no Mississippi court has hesitated to declare that such provisions are sound.

In the case of *Harris* v. *State,* 55 Miss. 50, the court approves the French case and in *James* v. *State,* 55 Miss. 57, the court renders the same decision rendered in the Harris case. In *State* v. *Cooper,* 53 Miss. 615, the prin-

ciple is announced. The general rule of law is that the reasons for which an office will become vacant are to be fixed by the legislature, whose powers are liberally construed. Thus, unless prohibited by the constitution, it may add new cases producing vacancy in office to those already provided in the constitution. See 29 Cyc., page 1400, paragraph 3, and authorities referred to in note 41; 22 R. C. L., page 438, paragraph 93, "Constitutional and Statutory Grounds for Vacancies." See, also, *State* v. *Lansing,* 64 N. W. —. In this case the court discusses all the authorities referred to. *State* v. *Murphy,* 13 So. 712, gives the meaning of the word "vacancy;" likewise, our own court in *State* v. *Hays,* 45 So. 728. See, also, *Schuff* v. *Pflanz,* 35 S. W. 132; *Boyett* v. *Cowling,* 94 S. W. 682; Mecham on Public Officers, paragraph 114; *County of Wapello* v. *Bigham,* 74 Am. Dec. 370, and notes. *State* v. *Lansing,* 64 N. W. 1109, refers to two cases from our own court, to-wit, the *Cooper case, supra,* and the case of *Bennett* v. *State,* 58 Miss. 556. *Boyett* v. *Cowling, supra,* refers to the *Hyde case,* 52 Miss. 665, which is of special importance.

Recurring to the discussion of the holdings of our court on the failure to give sheriff's bond producing a vacancy, we call the attention of the court to *State* v. *Harney,* 57 Miss. 880; *Pearson* v. *Wilson,* 57 Miss. 862.

At this point we desire to call attention to the fact that the governor under the constitutional provision with reference to the appointment of levee commissioner and the statutory provisions referred to, and under his general power—Hemingway's Code, 4764ff—to make appointments and fill vacancies as prescribed by law, could immediately appoint to fill a vacancy about to occur by reason of the failure to qualify of a levee commissioner who had been duly appointed and confirmed by the senate or to fill a vacancy occurring for any reason declared by law to constitute a vacancy. See *State* v. *Lovell,* 12 So. 343.

The incumbent to hold over must have a case where there is not only no vacancy under any constitutional or statutory provision applicable thereto, authorizing the power to fill vacancies to act, but also no power to act under section 103, Constitution of 1890.

However, where a levee commissioner, duly appointed and confirmed as required by law, at a session of the senate beginning eight months before the expiration of the term of the then incumbent on the second Monday in July, 1926, fails or refuses to qualify on or before the commencement of the term of such duly appointed and confirmed levee commissioner, to-wit, on or before the second Monday in July, 1926, a vacancy in such office shall occur thereby, and it shall be filled in the manner prescribed by law. This is the statutory provision in effect.

The constitutional provision with reference to the appointment of levee commissioner is unlike any other provision in our constitution, or of any other constitution that we have seen, probably because no such condition as that existing at the time it was adopted was found elsewhere in states having similar necessities.

The constitution does not say that the governor shall make appointments of levee commissioners for the regular term, beginning the second Monday of July—in the even years—each term being four years from the second Monday of July, subject to the confirmation of the senate, and that he shall also appoint to fill vacancies occurring or being about to occur, subject to the confirmation of the senate. But it specifically declares by its very terms that all appointments made by the governor are to fill vacancies. It says that the governor shall make appointments to fill vacancies subject to the confirmation of the senate .when the terms of the present· levee commissioners shall expire; that is, it declares, necessarily speaking of future expirations of the terms of levee commissioners, that the governor shall make appointments to fill vacancies subject to the confirmation of

the senate whenever a vacancy shall occur or be about to occur and it says nothing more.

Is it not clear that the legislative construction of the constitutional provision immediately after the adoption of the constitution was indisputably that the expiration of the term of a levee commissioner, notwithstanding his right to hold until his successor was appointed and qualified, was a vacancy and so declared to be, and that the governor's appointment was to fill such vacancy, and that the only condition was that it should be confirmed by the senate at the session held eight months prior thereto. Chapter 63, Acts of 1892.

Under the general rule of law, we have heretofore referred to, would it not be then within the power of the legislature to declare what constituted such vacancies as should occur after the appointment and the confirmation by the senate under the terms of the act and the constitution? Is not an act of the legislature, such as the Act of 1924, clearly constitutional? We have heretofore argued that the authority of our own court as well as the weight of authority elsewhere is that similar acts are clearly constitutional.

With the constitutionality of such statutes clearly settled, in our opinion, as applied to constitutional officers with the right to hold over until their successors are appointed and qualified, the decisions in our own state are decisive of the position that Mr. Baggett's right, as claimed by him, to hold over until his successor was appointed and qualified, is by its very terms ended because a successor has been duly appointed and qualified.

Under the laws of our state applicable to the existing state of facts as shown in this record, there was a vacancy in the office of the levee commissioner from Sharkey county authorizing the governor to appoint.

It is true that there are many authorities holding that under the constitutional and statutory provisions of the respective states in which the question has arisen, the mere expiration of the term does not constitute a va-

cancy where the officer holds over until his successor is appointed and qualified, in the absence of some provision of law declaring what shall constitute a vacancy and authorizing the appointing power to act to fill the same, and our own court is in line with this general rule. Many authorities are given in 50 L. R. A. (N. S.) 365 and notes, Re Advisory Opinion to the Governor.

In other words, under both lines of authorities whether the mere expiration of the term, where the officer is authorized to hold until his successor is appointed and qualified does or does not in and of itself constitute a vacancy—where there is some provision of law declaring what shall constitute a vacancy and the circumstances of the instant case fall within these provisions, then there is a vacancy authorizing the appointing power to act. Under the law of Mississippi, under the facts shown in this record, our own court and practically all other courts have taken a position adverse to the contention of appellee and in line with the contention of appellant.

The only thing required of the appointee so appointed is to qualify as required by law and upon so doing the right of the hold-over officer is by its very terms ended, provided, of course, the appointee is eligible to hold the office. Upon this proposition, the law of Mississippi is clear and is in line, as stated above, with practically all the authorities. *State* v. *Hays,* 45 So. 728, clearly supports the position which is also supported by *State* v. *Cresswell,* 78 So. 770.

It is true that in the Hays case the court was dealing with a statutory officer; but, as we have attempted to show, our court has applied the same principle, that a failure to qualify produces a vacancy to a constitutional officer holding for a fixed term and until his successor is duly elected and qualified.

Provisions as to failure to qualify producing a vacancy have been upheld in many states and we have not found an authority declaring them unconstitutional. *Mechem*

on Public Officers, section 266. See, also, *State* v. *Wharton,* 61 So. 2; *Marbury* v. *Madison,* 1 Cranch 137-180.

So, it will be seen, until the appointee accepts the office, usually evidenced by qualification, he is not to be regarded as actually holding the office for all purposes. This seems to be generally accepted as the law. Also, one appointed to office can refuse to accept the same, which may be evidenced by a positive declination to accept and a refusal to qualify; and if the refusal to qualify and to accept the office is clearly indicated before the commencement of the term, it clearly appears in advance that there will be a vacancy at the expiration of the fixed term of the incumbent and at the commencement of the term of the appointee, arising out of the failure of the appointee to qualify on or before the commencement of the term.

Wherever it is known in advance that a vacancy is to occur at a fixed time in the future, then the appointing power does not have to wait for that time in the future to arrive to act, but the appointment to fill the vacancy is to take effect only when the vacancy occurs. See *State* v. *Clark,* 69 Atl. 176; and also Mechem on Public Officers, paragraph 133, and notes.

Mrs. Darden, although eligible, declined to accept the commission and refused to qualify thereunder. Thereupon on July 6 the governor appointed Mr. R. E. Steen who then proceeded to do all things possible to present his bond for approval to the president of the board of supervisors and the chancery clerk.

Under section 5136, Hemingway's Code, it is provided that the surety company shall produce to the officer authorized to approve official bonds satisfactory evidence of its compliance with and fulfillment of all the requirements of law. The record shows that the evidence required was attached to said bond in the form of certificates from the insurance commissioner. Mr. Steen also took the oath of office, which bond and oath of office and papers attached thereto were filed with the secretary of

said levee board, as shown by the record, between the hours of ten in the morning and noon on July 12, 1926, being the second Monday of July, the day on which the new term began and the term of Mr. Baggett ended.

Mr. Steen had, after completing all the things necessary to be done and possible to be done by him, tendered his resignation to the governor, which resignation was, as the record shows, received by the governor and accepted on July 12, 1926. The record shows that the governor thereafter, about two o'clock in the morning on July 12, 1926, and after midnight of July 11, 1926, appointed Mr.. A. P. George to said office, who also took the oath of office and executed a bond with resident sureties, freeholders of the levee district, and with a surety company, with the evidence of said surety company's compliance with the law above referred to attached thereto, and proceeded, according to testimony, to do all things possible to have said bond approved by said chancery clerk and president of the board of supervisors on the morning of July 12, 1926, and thereafter filed the same with the secretary of the board and attended the meeting of said board at noon of that day, claiming to be commissioner from Sharkey county, as shown by the minutes.

The bonds of Steen and George were good and sufficient, as shown by the record, and Steen and George were each eligible to the office. We cite authorities upon the question of the approval of bonds: *Dorian* v. *City of Paducah*, 124 S. W. —; *State* v. *Dahl*, 27 N. W. 343; 29 Cyc. 1387, note 33; *Broom* v. *Henry*, 100 So. 602.

In the instant case the chancery clerk absented himself from his office and would not appear to act upon the bond; and the president of the board of supervisors had left the county and remained out, having due notice that Mr. Steen's bond was ready to be presented to him for his approval and that the persons having the bond for presentation to him for his approval had gone to his house for that purpose.

Under the circumstances shown in this record, Mr. Baggett was out of the office as levee commissioner for Sharkey county on July 12, 1926, at the time the levee board met at noon; was not even a *de facto* officer at that time, his hold-over rights having been defeated, as shown in the record, by the vacancies shown in the record and the appointments and qualifications ensuing, all the persons so appointed being eligible and Mr. George being present to perform, and performing, the duties of the office. So on July 12, 1926, Mr. Baggett became and continued thereafter an usurper of said office.

We think the contentions of appellee that there was no vacancy on the second Monday of July, 1926, are unsound and without authority to support them under the facts in this case, and that the lower court erred in not so holding, but we say further that an erroneous ruling must be carried to its logical and inevitable conclusion, and by so doing, as contended for above, Mr. Baggett, appellee, could be regarded only as a *de facto* officer with no right in him at all on the second Monday of July 1926, under the facts shown in the record, for he then became an usurper.

*Percy & Percy, Boddie & Farish* and *Clements & Wright,* for appellee.

I. The plea of not guilty is proper in this case in view of the allegation of the information. *State* v. *Brown, & Johnson,* 34 Miss. 694; Code of 1906, section 4022.

II. The executive journal of the Senate of 1922 is competent evidence in this case. *Witherspoon* v. *State,* 138 Miss. 310; *Ernest* v. *Sargent,* 20 N. Mex. 427, 150 Pac. 1018.

III. Mrs. Darden's attempted resignation before qualifying did not create a vacancy. *Denniston Co.* v.

*Potts,* 26 Miss. 31; *Miller* v. *Sacramento,* 25 Cal. 93; Mechem on Public Offices, section 410, 23 Am. & Eng. Enc. of Law (2 Ed.), 421'; *Re Corlis,* 11 R. I. 683; *People ex rel. Debelka* v. *Rhinburg,* 263 Ill. 536, L. R. A. 1915 E 401; *Kimberlin* v. *State* (Ind.), 30 A. S. R. 211; McCrary on Elections, section 314; *Commonwealth* v. *Hanley,* 9 Pa. St. 513; *State* v. *Harrison* (Ind.), 3 A. S. R. 663; *State* v. *Howe* (Ohio), 18 Am. Rep. 321.

The Constitution of 1890 and section 231, chapter CLXIX, Acts of 1884, fix the term of office of levee commissioners to be four years and until their successors were appointed and qualified.

IV. There was no vacancy in office because Mrs. Darden never qualified as appellee's successor, and appellee was performing the duties of the office. *State* v. *Hays,* 91 Miss. 755; *Booze* v. *Cresswell,* 117 Miss. 795; *People* v. *Edwards,* 93 Cal. 153; *State ex rel. Vandeveer* v. *Gormley,* 53 Wash. 543, 102 Pac. 435-38; *State ex rel. Little* v. *Foster,* 130 Ala. 154, 30 So. 477; *Clark* v. *State,* 59 So. (Ala.), 259; *People ex rel. Meloney* v. *Whitman,* 10 Cal. 46; *People ex rel. Baird* v. *Tilton,* 37 Cal. 614; *People* v. *Bissell,* 49 Cal. 407; *People ex rel. Butler* v. *Osborne,* 7 Colo. 605, 4 Pac. 1074; *Shackleford* v. *West,* 138 Ga. 159, 74 S. E. 1079; *State ex rel. Carson* v. *Harrison,* 113 Ind. 434, 3 A. S. R. 663, 16 N. E. 384; *Pruitt* v. *Squires,* 64 Kan. 855, 68 Pac. 643; *Marshall* v. *Harwood,* 5 Md. 423; *State ex rel. Tredway* v. *Lusk,* 18 Mo. 333; *State ex rel. Jones* v. *Foster,* 39 Mont. 583; 104 Pac. 860; *Mount* v. *Howell,* — N. J. L. —, 89 Atl. 977; *Territory ex rel. Klock* v. *Mann,* 16 N. Mex. 744, 120 Pac. 313; *People ex rel. Gray* v. *Scott,* 31 Misc. 131, 64 N. Y. Supp. 970, affirmed in 57 App. Div. 630, 68 N. Y. Supp. 1146; *State* v. *Howe,* 25 Ohio St. 588, 18 Am. Rep. 321; *State ex rel. Bachman* v. *Wright,* 56 Ohio St. 540, 47 N. E. 569; *State ex rel. Hoyt* v. *Metcalfe,* 80 Ohio St. 244, 88 N. E. 738; *State ex rel. McIntosh* v. *Perkins,* 35 Okla. 317, 129 Pac. 730; *Com. ex rel. King* v. *King,* 85 Pac. 103; *People*

*ex rel. Murphy* v. *Hardy,* 8 Utah 68, 29 Pac. 1118; *State ex rel. Lloyd* v. *Elliott,* 13 Utah, 471, 45 Pac. 346; *People ex rel. Richardson* v. *Henderson,* 4 Wyo. 535, 22 L. R. A. 751, 35 Pac. 517.

Mrs. Darden was properly appointed as the successor of Baggett but never qualified. Steen and George were not properly appointed, there being no vacancy and even if properly appointed, never qualified. The governor has no power of appointment without the advice and consent of the senate except the power to make a provisional appointment under section 103 of the Constitution. With Baggett holding over there was no emergency and the appointments of both Steen and George were nullities. If they had been properly appointed, neither qualified. It is not necessary to consider what Steen did in his attempts to qualify as he resigned before being inducted into office, and under no ruling laid down by this court can it be said that the hurried attempts made by George to secure the approval of his bond by the proper officers constituted his qualifying for the office.

V. Section 82 of the Constitution of 1890, in conjunction with chapter ·157, Acts of 1910, section 6, permits the giving of surety bonds by members of the levee board.

VI. Chapter 230, Acts of 1924, is unconstitutional because it purports to change the constitutional term of office of levee board commissioner. Being unconstitutional in that respect, the whole law must fall, as there is only one section in it.

Supplemental brief by *Percy & Percy, Boddie & Farish, Clements & Wright,* for appellee.

The following three propositions are correct and are decisive of the case: (1) The governor has only the power to appoint jointly with the senate except under the emergency provision of section 103, Constitution of 1890, when he can appoint to fill a vacancy.

The sole power of the governor to appoint members of the levee board rests upon sections 231 and 103 of the

constitution. The power to appoint under section 231 is subject to the confirmation of the senate. The term is synonomous with the phrase "with the advice and consent of the senate." The two bodies must act before appointment becomes effective. It is a joint action. *Brady* v. *Howe,* 50 Miss. 607; *Clark* v. *State,* 59 So. 259. See, also, 23 Am. and Eng. Enc. of Law, page 346.

The appointment of Steen and George were not made under section 231 of the Constitution. There was no joint action of the governor and the senate, the senate not being in session, and there was no power of appointment vested in the governor except the power vested in him by section 103.

(2) There was no vacancy in the office creating an emergency calling for a provisional appointment under section 103. *Brady* v. *Howe,* 50 Miss. 622; *State* v. *Hays,* 91 Miss. 755; *Booze* v. *Cresswell,* 117 Miss. 795.

So, as clearly laid down by these cases, no vacancy existed calling into being the emergency power of appointment, vested in the governor by section 103 of the Constitution, unless this was changed by the Acts of 1924.

(3) The "hold-over" part of the term of a member of the levee board is as much a part of his term as the four years specified and cannot be changed by statute and is not changed or abrogated by the provisions of chapter 230, Acts of 1924, providing that the failure of an appointee to qualify creates a vacancy.

We need no citation of authorities for this court to sustain the proposition that the legislature cannot abridge a constitutional term of office. *Hyde* v. *State,* 52 Miss. 655; *State* v. *Hays,* 91 Miss. 755, reaffirmed in *Booze* v. *Cresswell,* 117 Miss. 795.

This act of the legislature falls within the condemnation expressed in *Clark* v. *State* (Ala.), 59 So. 259. It is not conceivable that there can be a *de jure* incumbent of an office discharging his duties and yet a vacancy in that office for the purpose of appointment. *State* v. *Howe,* 25 Ohio St. 588, 18 Am. Rep. 321. Therefore, the gov-

ernor had no power to appoint under section 231 of the Constitution, the senate not being in session; no power to appoint under section 103 because there was no emergency, and no vacancy could be created by the legislative act shortening the constitutional term of office.

We submit that the judgment of the lower court should be affirmed.

*Sillers & Pearson, Walton Shields* and *Ernest Kellner, Jr.,* in reply, for appellant.

The main legal proposition presented in this controversy is as follows: After Mrs. Darden's appointment and confirmation at the 1926 session of the senate as levee commissioner for Sharkey county on the Mississippi Levee Board for the term beginning the second Monday, July, 1926, was there during the recess of the senate a vacancy in said term under the facts shown in the record and under the law applicable thereto?

If there was such a vacancy, then the governor in the recess of the senate had the power to fill the vacancy, and if his appointee is eligible to the office and qualifies therefor, he has the right to perform the duties of the office uninterferred with by Mr. Baggett, and, of course, his name must be submitted to the next session of the senate for confirmation.

Mrs. Darden's appointment and confirmation at the 1926 session of the senate for the term beginning the second Monday of July, 1926, was a strict compliance with the constitution and law.

Did a vacancy thereafter occur in said term during the recess of the senate when Mrs. Darden refused to qualify for the office? Does the failure to qualify produce a vacancy? It is within the legislative power to provide that a failure to qualify does produce a vacancy, as held by the authorities to which we referred in our original brief, not only in case of statutory officers but also in case of constitutional officers who have the right

to hold over until their successors are appointed and qualified. Such provisions do not in any legal sense abridge the term of the officer fixed in the constitution.

Counsel for appellee concede that if the office of levee commissioner was a statutory office, the legislature would then have the right to handle it as they have attempted to under the Acts of 1924, *supra;* but, being a constitutional office, the act, in so far as an attempt to affect the term of office, is, they say, unconstitutional and void. They cite no authority to support this last contention. We submit that counsel entirely misconceived the principle of law involved.

The constitutional term of four years and until his successor is appointed and qualified means just what it says; Mr. Baggett's term under the above constitutional provision was in no sense abridged by the legislative act above referred to. The contingent term, that is the hold-over period, may be defeated either by the appointment by the governor and confirmation by the senate at the 1926 session of an eligible successor for the term beginning the second Monday of July, 1926, or by circumstances thereafter arising in the recess of the senate which the legislature declares produce a vacancy in the term beginning the second Monday of July, 1926, authorizing the governor under his constitutional power to fill vacancies in the office of levee commissioner, to appoint an eligible person as levee commissioner for said term who, when he qualifies, has the right to perform the duties of the office uninterferred with by Mr. Baggett whose hold-over rights are thus defeated by their very terms.

Upon the proposition that the legislature has the power to provide what shall constitute vacancies in office as to constitutional officers with the right to hold over until their successors are appointed and qualified, counsel have referred to several cases from the California court. These cases are all analyzed by a later California case, *People* v. *Nye,* 98 Pac. 241.

In this case the comptroller was a constitutional officer holding his office for four years and until his successor was elected and qualified, and the contention was made that the two sections of the Political Code above referred to were void so far as they attempt to affect the tenure of the person who has been legally inducted into the office of comptroller or to provide for a vacancy therein, but the court held that the "legislation to which we have referred is obviously within the province of the legislature and it is not obnoxious to any provision of the constitution."

The act of 1924 is the last act amendatory of acts amending section 3459, Code of 1906, and by its general terms applies to all officers holding office in the state, to constitutional as well as statutory officers, to levee commissioner, sheriffs, chancery clerks, state officers, etc., with the right to hold over until their successors are elected or appointed and qualified.

It is in its amended form a legislative enactment entirely within the legislative power providing what shall constitute and produce vacancies in office, and that such vacancies should be filled as provided by law. Other statements of counsel are based on the false premise that the Act of 1924 is unconstitutional.

We contend that counsel have not in their brief attempted to answer the argument in our original brief that the constitutional and statutory provisions as to levee commissioners by express terms provide that the expiration of a term is of itself a vacancy, although the incumbent has the right to hold over until the qualification of one legally appointed for the new term.

Argued orally by *Walton Shields,* for appellant, and *Leroy Percy,* for appellee.

Smith, C. J., delivered the opinion of the court.

This is a *quo warranto* proceeding to determine the right of the appellee to the office of commissioner of the

Mississippi levee district, and the appeal is from a judgment upholding the appellee's claim to such right.

The appellee was the duly appointed commissioner of the Mississippi levee board for Sharkey county for the term which expired on the 12th day of July, 1926.

During the 1926 session of the legislature, the Governor appointed Mrs. E. P. Darden of Sharkey county as commissioner of the Mississippi levee board for the term beginning July 12, 1926, which appointment was confirmed by the Senate. After the adjournment of the legislature and prior to July 6, 1926, Mrs. Darden notified the Governor that she would not accept the office of commissioner for the district, and would decline to qualify therefor. Whereupon he appointed, in her stead, R. E. Steen who took the oath of office and executed the bond required of him, but failed to obtain its approval for the reasons that will be hereafter stated.

On July 10th, Steen advised the Governor, in writing, that he did not desire to participate in partisan politics, and tendered his resignation of the office, which the Governor accepted, and thereupon he appointed A. P. George of Sharkey county as such commissioner.

Section 1, chapter 63 of the Laws of 1892 provides that commissioners of this levee district—"shall each give bond in the sum of fifteen thousand dollars, to be approved by the clerk of the chancery court and the president of the board of supervisors of the county from which they are appointed respectively."

Prior to resigning the office of commissioner, or, to be more accurate, for such is the effect of his letter to the Governor, prior to notifying the Governor that he would not accept the office, Steen executed the bond required by the statute, and vainly sought both the clerk of the chancery court and the president of the board of supervisors of Sharkey county in order to obtain their approval thereof, but each, as is manifest from the record, purposely kept out of his way and prevented him thereby from presenting the bond for approval. George also

executed such a bond, but failed to obtain its approval for the same reason that Steen failed to obtain the approval of his bond, with the result that, when the board of levee commissioners met at noon on July 12th, he was compelled to present his bond to the board without its approval by the chancery clerk and the president of the board of supervisors.

Chapter 230, Laws of 1924, provides that:

"If any person elected or appointed to any state, state district, levee board, county, county district or municipal office, shall fail to qualify as required by law on or before the day of the commencement of his term of office, or for any cause any such officer shall hold over after his regular term of office expires under the authority given him to hold over until his successor is appointed or elected and qualified, a vacancy in such office shall occur thereby, and it shall be filled in the manner prescribed by law, as provided by section 103 of the Constitution for filling vacancies in such offices, unless the failure to qualify arises from there being no officer to approve the bond of such officer-elect, and except the governor-elect, when the legislature fixes by resolution the time of his installation."

Section 2, chapter 169, Laws of 1884, which was continued in force by section 231 of the present Constitution, provides that the term of office of the commissioners of the Mississippi Levee District shall be "four years and until their successors are duly elected and qualified."

When George presented himself at the meeting of the levee board on July 12, 1926, and attempted to participate therein, two members of the board declined to recognize his right so to do and, together with Baggett, claimed that because of George's failure to have his bond approved Baggett had the right to continue to discharge the duties of the office under the two statutes herein referred to, the result of which was that Baggett continued and still continues to discharge the duties of the office.

We do not understand counsel for the appellee to seriously, as, of course, they could not successfully, contend that, if George's appointment as levee commissioner was otherwise valid, his failure to obtain the approval of his bond by the chancery clerk and the president of the board of supervisors under the circumstances hereinbefore set out, rendered him ineligible to hold the office. He did all that he possibly could to obtain the approval of his bond, and the conduct of the officers who should have approved it was the equivalent of "there being no officer to approve the bond."

Among the contentions of the appellee, as set forth in the brief of one of his counsel, are:

"(1)    The Governor has only the power to appoint jointly with the Senate, except under the emergency provision of section 103 of the Constitution, when he can appoint to fill a vacancy.

"(2)    When he attempted to appoint Steen and then George in this case, no vacancy existed because appellee was filling the office as a 'hold-over' member, his term of office under the Constitution being for the period of his appointment and until his successor was appointed and qualified.

"(3)    The 'hold-over' part of the term of a member of the levee board is as much a part of his term as the four years specified and cannot be changed by statute and is not changed or abrogated by the provisions of chapter 230 of the Acts of 1924, providing that the failure of an appointee to qualify creates a vacancy."

The controlling question here presented is the meaning of the words "vacancy in office," as used in section 103 of the Constitution. These words have no technical meaning (*State* v. *Hays*, 91 Miss. at page 755, 45 So. 728), and are not defined in the Constitution; but if they were employed therein by the framers of the Constitution, in the light of a long-settled legislative meaning and application, it will not only be proper for us, but it is, in fact, mandatory on us, to give them that meaning and

application here (*Daily* v. *Swope,* 47 Miss. at page 367; *Roberts* v. *Starke,* 47 Miss. at page 261; 12 C. J. 706).

An examination of our statutes as far back as 1822, and probably prior thereto, discloses that the legislature of this state has uniformly declared that the failure of a person elected to an office to qualify therefor, by giving the bond required of him by the statute, creates a vacancy in the office to which he was elected.

But it is said by counsel for the appellee, citing *State* v. *Hays,* 91 Miss. at page 766, 45 So. 729, that "an office is not vacant so long as it is supplied, in the manner provided by the Constitution or law, with an incumbent who is legally qualified to exercise the powers and perform the duties which pertain to it;" that the "hold-over" addition to the term of office of a levee commissioner provides the office with an incumbent who is legally qualified to exercise the powers and perform the duties which pertain to the office, when a person appointed thereto fail to qualify therefor, and that this "hold-over" addition to the term of a levee commissioner is as much a part of the term of his office as is the fixed period thereof, and cannot be abridged by the legislature.

This contention is also negatived by the settled legislative meaning and application of the "hold-over" provision for public officers. All of our Codes, as far back as that of 1857, provide that:

"Public officers shall hold their offices for the terms for which they were selected and until their successors are elected and qualified"—and, further, that the failure of a person elected to an office to qualify by giving the bond required therefor creates a vacancy in the office to which he was elected, to be filled in the manner provided by law.

These statutes disclose that the "hold-over" addition to the terms of public officers was not intended to prevent or fill a vacancy in office, but, on the contrary, was intended simply as a provision for the discharge of the duties of the office until a vacancy occurring therein should be filled. The successor of a public officer con-

templated by the two statutes, when construed together, manifestly is the person on whom has been legally conferred the right to hold the office for the term or the remainder thereof, as the case may be. This "hold-over" provision for public officers first appeared in our Constitutions in 1869 as section 22, article 5, of the Constitution then adopted, so that when it was incorporated therein, and afterwards in chapter 169 of the Laws of 1884, it had long been given by the legislature a definite meaning and application, which meaning and application, we must presume, was intended to be given to it by the convention, which adopted the Constitution, and by the legislature, which enacted chapter 169 of the Laws of 1884.

The cases mainly relied on by counsel for the appellee are *Brady* v. *Howe,* 50 Miss. 607; *State* v. *Hays,* 91 Miss. 755, 45 So. 728; *Booze* v. *Cresswell,* 117 Miss. 795, 78 So. 770. In none of these cases was the statute here under consideration, or one similar thereto, involved; and, consequently, they are not in point here. In the Hays case it was pointed out that the state of facts there claimed to create a vacancy in office was not embraced within the statute, and that if the legislature had intended the statute to apply thereto:

"It would have been easy for it to have said so; . . . it would have then covered the case." It follows from the foregoing views that the statute, under which George's appointment was made, is valid, and that the appellee is without the right to continue to discharge the duties of the office of levee commissioner.

Reversed and judgment here for the appellant.

*Reversed.*