State *ex rel.* Jones *v.* Lyon.*

(In Banc. Nov. 15, 1926.)

[110 So. 243. No. 26105.]

1. Levees and Flood Control. *Failure of commissioner of levee board, on reappointment, to file bond, under belief old bond would suffice, held to disqualify him (Laws 1924, chapter 230).*

   Under Laws 1924, chapter 230, commissioner of levee board failing, on reappointment, to file bond required by Laws 1892, chapter 63, section 1, believing that bond executed for old term and still in force would suffice, *held* disqualified.

2. Levees and Flood Control. *Vacancy in office of commissioner of levee district occurs on failure of successor in office to qualify (Laws 1884, chapter 169, section 2; Const. 1890, section 231).*

   Laws 1884, chapter 169, section 2, continued by Constitution 1890, section 231, providing that term of commissioners of levee district shall extend till successors qualify, does not prevent vacancy because of failure of successor to qualify.

---

*Corpus Juris-Cyc. References: Levees and Flood Controls, 36CJ, p. 1012, n. 38, 40.

Appeal from circuit court of Washington county. Hon. S. F. Davis, Judge.

*Quo warranto* by the state, on the relation of Howard Jones, against L. H. Lyon. Judgment for defendant, and plaintiff appeals. Reversed and judgment rendered.

*Ernest Kellner, Jr.,* and *Walton Shields,* for appellant.

Our contention here, as in the Baggett case, is that there was a vacancy upon the failure of the officer to qualify and that the governor had the power to appoint the relator, Howard Jones, who as shown by the record was eligible to the office.

Lyon was required by law to qualify for said office on or before the day of the commencement of the term by taking the oath, giving the bond required by law and having same approved by the proper officers. He was serving as commissioner under an appointment and confirmation in 1924 for the unexpired term ending the second Monday in July, 1926, and under that appointment and for that term had executed a bond with a surety company as surety thereon which had been approved.

The legislature has manifested no intention to give to the levee board discretion to deal with failure of levee commissioners to qualify or to deal with vacancies in office of such officers, but under the general laws of the state, chapter 230, Laws of 1924, a failure to qualify as required by law on or before the day of the commencement of the term of office produces a vacancy authorizing it to be filled as prescribed by law.

It is well settled that where the law, in terms, declares that a failure to qualify as provided by law on or before the day named produces a vacancy, such a failure forfeits and vacates the office. This case does not involve any question of the approving authority wilfully disapproving the bond and of the officer subsequently qualifying and complying with the statute as was the case in *Broom* v. *Henry*, 100 So. 602.

Wherever under a similar statute the neglect to secure the approval of the official bond was the neglect or default of the officer appointed whose duty it was to have his official bond approved, and not due to the default of the approving officer who wrongfully prevents the approval of said bond, a vacancy in the office is created. See *State* v. *Wharton.* 61 So. 2; *State* v. *Dahl*, 27 N. W. 343; *Hayes case.* 45 So. 728; *Cresswell case*, 78 So. 770; and *Vassar v. George*, 47 Miss. 728.

In the instant case upon the vacancy occurring, after expiration of July 12, with no additional effort on July 12 upon the part of Lyon to secure the approval of his bond, the governor acting under the authority conferred

upon him by law, filled the vacancy on July 16 by the appointment of Mr. Jones. This is a case where the officer, Lyon, was guilty of neglect in making no effort at all to comply with the plain provisions of the statute. The levee board has no power to pass on the qualifications of levee commissioners and no discretion to deal with their failure to qualify which, under the law, causes a vacancy in said office.

After July 12, 1926, whatever Mr. Lyon's status may have been on and prior thereto, there was certainly a vacancy in said office, due to Mr. Lyon's neglect and failure to qualify as provided by law on or before the day of July, 1926, and this vacancy was the necessary legal consequence of his own acts and from and after the appointment and qualification of Mr. Jones on July 19, 1926, he, being eligible and offering to perform the duties of said office, became and was and is entitled thereto.

It was just as much a legal requirement of Mr. Lyon, though reappointed levee commissioner, to qualify for the new term in the manner required by law as if he had been appointed originally or he had been appointed to succeed some one else. 22 R. C. L., page 452, paragraph 109; 29 Cyc., page 1400, notes 38 and 39.

Whether the premium receipt should be held as a bond obligatory on the bond company or not, it has no bearing upon the question at issue here as to whether or not there was a vacancy authorizing the governor's appointment of Mr. Jones because even if it has been a bond in due form signed by Mr. Lyon and the sureties, nevertheless as it was not approved by the president of the board of supervisors and chancery clerk, under the facts shown in this record, with no effort upon Lyon's part to obtain such approval, there would have been a vacancy authorizing the appointment by the governor.

The statute providing that informal bonds shall be valid and binding on the sureties—Hemingway's Code, section 2801—and the statute providing that the acts of *de*

*facto* officers shall be valid and binding upon the public—Hemingway's Code, section 2811—and the statute providing that surety bonds may be given by county officers —chapter 233, Laws of 1924—and other similar statutes, were not intended to, nor did they amend, repeal, or in any manner affect the other provisions of law requiring the approval of official bonds (both those with personal sureties and those with a surety company as surety), by the proper officers, and providing that failure so to do vacates the office, at least where such failure is due to the neglect of the officer in making no effort to have his bond approved and is not due to the unlawful act or wilful refusal of the approving officer. See, also, Hemingway's Code, section 3111. Finally, we refer the court to *State* v. *Smith,* 40 So. 22.

The vacancy occurring, the appointee to fill said vacancy complied with all the provisions of law as to his qualification, including the constitutional provision above referred to and, therefore, Mr. Lyon was not entitled to retain the office.

*Sillers & Pearson* and *Cutrer & Smith,* also, for appellant.

By what authority did the secretary and treasurer of the levee board pay a premium on a bond after the expiration of the term it covered? He knew the bond would expire with the term. Was there any extension of the bond written on the bond or attached thereto? No. Appellee says that the agent's receipt for the money extended his 1924 bond. We say that the bond was given to cover only the term ending the second Monday of July, 1926, and that the bond so expressly states as shown by the condition clause, which reads as follows:.

"Now, therefore, the condition of this obligation is such that if the said L. H. Lyon shall from the 5th day of April, 1924, to the second Monday of July, 1926, well

and faithfully perform all the duties of said office, then this obligation shall be void; otherwise, to remain in full force and effect.''

The bond company had no legal right to exact the payment of a premium beyond the date of expiration of this bond, which expired with the term of office, and the secretary and treasurer had no authority to pay any such sum to the company's agent. Such payment was not authorized by the levee board. The levee board can act only while in session by orders entered on its minutes. There is no proof that the levee board so acted. The very terms of the bond preclude the construction of the lower court that this was a good and legal bond. The constitution says that the bond shall be given for the term to cover the term, and in a given sum of not less than ten thousand dollars. Section 230 of the constitution requires that the sureties on such bonds "*shall be freeholders of the district.*" But Mr. Lyon accepted a surety company as the only surety instead of the sureties required by the constitution.

Section 82 does not abrogate the provisions of section 230 of the constitution. It does not relate to bonds of levee commissioners. It does not repeal section 230 or amend it. Section 230 is positive in its requirements that the sureties *shall be* freeholders of the district.

In support of our contentions, we refer to *Hyde v. State ex rel., etc.,* 52 Miss. 665; *State ex rel. Mitchell, District Attorney, v. Smith,* 40 So. 22; *State v. Hays,* 45 So. 728; *State v. Langsing,* 64 N. W. 1109; *State v. Murphy,* 13 So. 712; 23 Am. and Eng. Ency. of Law, page 354; 29 Cyc., page 1400, note 41, and authorities cited thereunder; 22 R. C. L., page 38, paragraph 93, and authorities cited in note 17; Bailey's Equity, page 77; *Farrell v. City of Bridgeport,* 45 Conn. 191; *Handy v. Hoskins,* 59 Md. 157.

The judgment of the lower court should be reversed and judgment entered here for the appellant.

*Percy & Percy, Boddie & Farish* and *Clements & Wright,* for appellee.

The contention of appellant is that the bond of Mr. Lyon was not approved and, therefore, he failed to qualify and the governor had the right to appoint the relator. We call the attention of the court to the fact that the bond filed in 1924 was properly approved by the proper officers and the same men hold the same offices at this time and have held same since 1924. The bond having been approved and renewed for the new term, or a part thereof, and offered, accepted and acted upon by Mr. Lyon, the levee board and the surety company, we submit, is a full compliance with all the requirements of law. Section 2801, Hemingway's Code gives the form of the bond of all offices.

In *Adams* v. *Williams,* 97 Miss. 113, 52 So. 865, it was held that the secretary and treasurer of the board of levee commissioners for a certain district failed to sign as principal the bond, but the bond having been executed by the surety and the premium collected, the bond was a valid bond; and in *State* v. *Smith,* 87 Miss. 551, 40 So. 22, it was held that when one signs what purports and is intended to be an official bond whether as principal obligor or surety, the law writes in all necessary recitals including the proper penalty. See also 29 Cyc. 1387.

In running down the digests on the subject of the execution and delivery of bonds by public officers, we find that the only cases reported on the subject hold that the execution of a proper bond is not a condition precedent to the right to office, but any objection to the bond given by the officer should be urged and be given opportunity to cure the defect. See *City of Houston* v. *Estes,* 79 S. W. 848, and *The Same* v. *Clarke,* 80 S. W. 1198; *Broom* v. *Henry,* 100 So. 602.

When the relator was appointed by Governor Whitfield, Mr. Lyon was in office under a proper bond and approved by the proper officers, and the filing of the renew-

al receipt was in fact and in law the making of a bond to cover the new term.

Argued orally by *Walton Shields,* for appellant, and *Leroy Percy,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is a *quo warranto* proceeding in which Jones seeks to obtain possession of the office of commissioner of the Mississippi levee board, which the appellee withholds from him and the duties of which the appellee is now discharging; and, from a judgment adverse to Jones, he has brought the case to this court.

The appellee was the duly appointed commissioner for the Mississippi levee board, for Humphreys county, for the term which expired on the 12th day of July, 1926. During the 1926 session of the legislature, the Governor appointed the appellee as his own successor as levee commissioner, for the term beginning July 12, 1926.

Section 1, chapter 63 of the Laws of 1892, provides that commissioners of this levee district—"shall each give bond in the sum of fifteen thousand dollars, to be approved by the clerk of the chancery court and the president of the board of supervisors of the county from which they are appointed respectively."

When appointed for the term ending July 12, 1926, the appellee executed the bond therefor required by this statute, with a surety company as the surety thereon, and did not execute a new bond for the term beginning July 12, 1926. He paid the premium due the surety company on his old bond for the period beginning April 5, 1926, and ending April 5, 1927, which payment the agent of the surety company advised him extended the old bond for that period; and, acting on the advice of the secretary and other officials of the levee board that this extension of the old bond would satisfy the requirement

of the statute for the execution of a bond covering his new term of office, he did not execute a new bond or have the old bond reapproved by the clerk of the chancery court and the president of the board of supervisors of Humphreys county.

Chapter 230 of the Laws of 1924 provides that, on the failure of a person elected or appointed to a public office to qualify therefor, as required by law, on or before the day of the commencement of his term of office:

"A vacancy in such office shall occur thereby, and it shall be filled in the manner prescribed by law, as provided by section 103 of the Constitution, for filling vacancies in such offices, unless the failure to qualify arises from there being no officer to approve the bond of such officer-elect."

Section 2, chapter 169, Laws of 1884, which was continued in force by section 231 of the present Constitution, provides that the term of office of the commissioners of the Mississippi levee district shall be "four years and until their successors are duly elected and qualified."

Acting on the theory that, under chapter 230, Laws of 1924, the appellee's failure to execute a new bond created a vacancy in the office, the Governor, as provided by section 103 of the Constitution, appointed Jones thereto, who qualified therefor by executing the bond and taking the required oath.

The questions for decision are (1) Did the appellee fail to qualify for the new term of the office to which he had been appointed? and (2) if he did fail to qualify therefor, was a vacancy thereby created in the office which could be filled by appointment by the Governor?

The requirement of section 1, chapter 63 of the Laws of 1892, that commissioners of the Mississippi levee district shall each give bond in the sum of fifteen thousand dollars manifestly means a bond covering the term of his office. · It contains no provision that the bond given by a commissioner for one term of office shall serve when

he is appointed as his own successor as his bond for the succeeding term, and we are, of course, without the right to add such a provision thereto. Chapter 230, Laws of 1924, which provides that the failure of a public officer to qualify as required by law, on or before the day of the commencement of the term of his office, shall result in a vacancy in the office to which he was elected or appointed, recognizes no excuse for the failure to execute the bond therefor except the absence of an officer authorized to approve the bond. That the appellee was advised and, in good faith, believed that the bond executed by him for his old term would serve as the bond for his new term cannot relieve him of the disqualification to hold the office for the new term, for "nothing short of what the law requires is sufficient." *Andrews* v. *Covington,* 69 Miss. 740, 13 So. 853.

The second question hereinbefore set out is ruled by the opinion this day delivered by us in the case of *State ex rel. Hairston* v. *Baggett,* 110 So. 240, wherein it was decided that the "hold-over" addition to the term of a public officer does not prevent a vacancy from occurring in such office, on the failure of a person elected or appointed as his successor to qualify therefor. What was there said is here reinforced by the appellee's contention here, which, in effect, is that a public officer, elected or appointed as his own successor, who fails to qualify for his new term, may, nevertheless, continue to hold the office and discharge its duties for the period of the new term.

Reversed and judgment here for the appellant.

*Reversed.*